# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DEMETRIUS L CRAWFORD,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ]      **2:25-cv-100-ACA** |
| | ] |
| **BOSEDE OGULEYE, et al.,** | ] |
| | ] |
| **Defendants.** | ] |

## <u>MEMORANDUM OPINION</u>

Plaintiff Demetrius Crawford brought this lawsuit against Defendant Bosed Oguleye, apparently an assistant at the Housing Authority of the Birmingham District ("HABD"). (Doc. 6 at 1–2; *see id.* at 3). Mr. Crawford alleges that in February 2025, he was at the HABD office to return paperwork, possibly involving the renewal of a Section 8 voucher. (*Id*. at 5). Ms. Oguleye took the paperwork and denied his request without looking at the paperwork. (*Id*.). Mr. Crawford also indicates that either Ms. Oguleye or the HABD failed to pay his landlord, putting him at risk of homelessness. (Doc. 6 at 3, 5).

Mr. Crawford asserts that this court has federal question jurisdiction. (*Id.* at 3); *see* 28 U.S.C. § 1331. But he does not assert a constitutional claim and the only statute he cites is 42 U.S.C. § 11302, which provides definitions of "homeless," "homeless individual," and "homeless person." (*Id.* at 3). As a result, the court

ordered him to show cause why the court should not dismiss the complaint for lack of subject matter jurisdiction. (Doc. 13).

In response, Mr. Crawford explains that Ms. Oguleye called his landlord and told her that "HUB" would no longer pay his rent, after which his landlord, without following the proper eviction proceedings, told him to leave within seven days. (Doc. 19 at 1). Mr. Crawford asserts jurisdiction based on 42 U.S.C. § 3617, 18 U.S.C. § 242, and 42 U.S.C. § 1983. (*Id.* at 1–2).

The court lacks subject matter jurisdiction where any federal claims are "clearly immaterial, made solely for the purpose of obtaining jurisdiction or are wholly unsubstantiated and frivolous." *Lawrence v. Dunbar*, 919 F.2d 1525, 1530 n.7 (11th Cir. 1990) (quotation marks omitted); *see also Hakki v. Sec'y, Dep't of Veterans Affs.*, 7 F.4th 1012, 1031 (11th Cir. 2021). Mr. Crawford's citations to §§ 3617, 242, and 1983 fit that description.

First, § 3617 is part of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* That section makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by" other sections of the Fair Housing Act relating to discrimination in housing. *Id.* § 3617. But Mr. Crawford's complaint does not assert a claim of discrimination under the Fair

Housing Act or any facts that could, liberally construed, support a claim for discrimination under the Fair Housing Act. (*See* doc. 6 at 5).

Second, § 242 makes it a crime to deprive a person of rights, privileges, or immunities on account of that person being an alien or based on the person's color or race. *See* 18 U.S.C. § 242. But again, Mr. Crawford's complaint does not assert a claim under § 242, nor does he allege any facts that could support such a claim. (*See* doc. 6 at 5).

Finally, § 1983 "provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1299 (11th Cir. 2007). But it "is merely a vehicle by which to bring these suits; it does not create any substantive federal rights." *Id.* As the court has set out, Mr. Crawford did not assert any colorable federal claims. Accordingly, § 1983 does not give this court subject matter jurisdiction.

Neither Mr. Crawford's complaint nor his response to this court's order to show cause establishes that this court has jurisdiction over this lawsuit. Accordingly, the court **WILL DISMISS** this action **WITHOUT PREJUDICE**.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this October 6, 2025.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE